IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF TRENTON

NEW JERSEY CHINESE COMMUNITY
CENTER.
Plaintiff,

CIVIL ACTION NO. 3:21-cv-08320-FLW-LHG

v.

PETER MCALEER ,
STATE OF NEW JERSEY,
EIN PRESSWIRE
Defendants

**OPPOSITION TO DEFENDANT IPD
GROUP, INC d/b/a EIN PRESSWIRE
MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

:

**STATEMENT OF FACTS**

The plaintiff is a not-for-profit organization having an office at 17 Schoolhouse Road, Somerset, New Jersey. On or about February 15, 2021, the plaintiff submitted a press release to the defendant IPD Group, Inc. d/b/a EIN Presswire for distribution and publication. The title of the press release was "IN SOMERSET SUPERIOR COURT, JUDGE REED JUST COULDN'T STAND UP TO JUDGE MILLER'S PRESSURE IN DECIDING A CASE." On or about February 15, 2021, the press release was approved for distribution and publication by EIN Presswire.

On or about March 10, 2021, the plaintiff found that the press release had been retracted without its knowledge or consent. According to EIN Presswire, it retracted the press release because Peter McAleer who is the Director of Communications and Community Relations, New Jersey Administrative Office of the Courts had filed a complaint and ordered that it be retracted.

Defendant Peter McAleer did not respond to plaintiff's emails and has not provided any reason or to cite the authority that empowered him to suppress the plaintiff's press

release. Plaintiff instituted the within lawsuit for declaratory relief and damages against Defendants for violating the Plaintiff's constitutional rights to freedom of speech under the First and Fifth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983-1986, the New Jersey State Constitution, and the New Jersey Civil Rights Act.

## LEGAL ARGUMENT

### I. IPD Group is Considered a State Act for Purposes of Section 1938 As It Acted Jointly and At the Behest of the State to Retract Plaintiff's Press Release

Contrary to Defendant's argument that IPD Group, Inc. d/b/a EIN Presswire (hereinafter "IPD"). did not act "under color of law" because it is a private entity, IPD acted jointly with state actors to deprive Plaintiff of its constitutionally guaranteed freedoms and is therefore considered a state actor for the purposes of Section 1983. See Dennis v. Sparks, 449 US 24 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of Section 1983 actions"); see also United States v. Price, 383 US 787 (1966) ("To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents.")

In Dennis, Plaintiff filed a lawsuit against Defendants Duval County Ranch Co. Inc., a corporation, and a judge who had entered an injunction in favor of Duval County Ranch against the Plaintiff, alleging that the injunction had been corruptly issued as a result of a conspiracy between the judge and the other defendants, thus causing a deprivation of property, i.e., two years of oil production, without due process of law.

The District Court granted all the defendants' motions to dismiss, the judge on the ground of judicial immunity and the remaining defendants, whom it found could not be said to have conspired under color of state law within the meaning of Section 1983 with the dismissal of the judge.

The Court of Appeals reversed and the United States Supreme Court affirmed the reversal, holding that while the judge was immune from suit, there was no such immunity for the private persons who persuaded the immune judge to exercise his jurisdiction corruptly. "Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of Section 1983 actions. Therefore, the private parties conspiring with the judge were acting under color of state law; and it is of no consequence in this respect that thew judge himself is immune from damages liability." Id at 28.

In the instant case, the State of New Jersey and Peter McAleer are clearly state actors and were acting under the authority of the State when they ordered IPD to retract plaintiff's press release. In carrying out the State's order and retracting the press release, IPD acted jointly with the State to prevent Plaintiff from expressing its views and criticisms of the NJ judiciary, and therefore acted "under color" of law for purposes of Section 1983.

In Lugar v. Edmondson Oil Co., 457 US 922 (1982), the Supreme Court articulated a number of different factors or tests in different contexts whereby private conduct constitutes governmental action and therefore subjects the private actor to liability under Section 1983: e.g., the "public function" test, see Terry v. Adams, 345 U. S. 461 (1953); Marsh v. Alabama, 326 U. S. 501 (1946); the "state compulsion" test, see Adickes v. S. H. Kress & Co., 398 U. S. 144, 170 (1970) ; the "nexus" test, see Jackson v. Metropolitan Edison Co., 419 U. S. 345 (1974); Burton v. Wilmington Parking Authority, 365 U.S. 715 (1961) (1974); and a "joint action test," Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 157 (1978).

As set forth above, the "joint action" test set forth in Lugar, *supra*, is satisfied in this case as IPD acted jointly with the State to accomplish the State's goal of removing the press release. The State could not have accomplished this goal without the assistance and action of IPD Group.

Under the "state compulsion test," private conduct also rises to that of the State when a state "exercise[s] such coercive power or provide such significant

encouragement, either overt or covert', that in law the choice of the private actor is deemed to be that of the state." Adickes v. S. H. Kress & Co., 398 U.S. 144, 170 (1970).

In Adickes, a white school teacher brought suit against S.H. Kress & Co. under 42 USC Section 1983 for refusing to serve lunch to Adickes at its restaurant facilities while she was in the company of negroes and for her subsequent arrest upon Adickes' departure from the store by the Hattiesburg police on a charge of vagrancy. The Supreme Court held that if Adickes would have made out a claim under Section 1983 if she can show that Kress' refusal to serve her was motivated by a state-enforced custom of segregating the races in public eating place in Hattiesburg at the time of the incident in question. Id at 174.

"Although this Court has not explicitly decided the Fourteenth Amendment state action issue implicit in this question, underlying the Court's decisions in the sit-in cases is the notion that a State is responsible for the discriminatory act of a private party when the State, by its law, has compelled the act. As the Court said in Peterson v. City of Greenville, 373 U. S. 244, 248 (1963): "When the State has commanded a particular result, it has saved to itself the power to determine that result and thereby `to a significant extent' has `become involved' in it." Moreover, there is much support in lower court opinions for the conclusion that discriminatory acts by private parties done under the compulsion of state law offend the Fourteenth Amendment." "We think the same principle governs here." Id at 171.

In this instance, the State certainly commanded a particular result in ordering IPD to retract plaintiff's press release. IPD's retraction of the press release is not merely attributable to the State, but was directly ordered by the State. By ordering IPD to retract the press release, the State converted otherwise private conduct into state action for purposes of Section 1983 and exposes IPD to liability under Section 1983.

Because of the State's involvement, there is also a "sufficiently close nexus between the state and the challenged conduct i.e. removal of the press release so that the latter may be fairly treated as that of the State itself. See the "nexus" test set forth in Lugar v. Edmondson Oil Co., 457 US 922, 939 (1982).

CONCLUSION

For these reasons, IPD is considered a state actor for the purposes of Section 1983 and should not be dismissed from the lawsuit.

Respectfully Submitted,

Cynthia M. Hwang, Esq.