| | | |
|---|---|---|
| NEW JERSEY CHINESE COMMUNITY CENTER INC., | : | **UNITED STATES DISTRICT COURT** |
| | : | **DISTRICT OF NEW JERSEY** |
| Plaintiff, | : | **VICINAGE OF TRENTON** |
| | : | |
| v. | : | Hon. Freda L. Wolfson, U.S.D.J. |
| | : | |
| PETER MCALEER, STATE OF NEW JERSEY, IPD GROUP INC. d/b/a EIN PRESSWIRE, | : | Hon. Lois H. Goodman, U.S.M.J. |
| | : | CIVIL ACTION NO. 3:21-cv-08320 |
| Defendants. | : | (Electronically Filed) |
| | : | |

---

**BRIEF IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND CROSS-MOTION TO VACATE DEFAULT AND TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(6), AND 55(c) ON BEHALF OF DEFENDANTS STATE OF NEW JERSEY AND PETER MCALEER**

---

MATTHEW J. PLATKIN
ACTING ATTORNEY GENERAL OF NEW JERSEY
25 Market Street
P.O. Box 116
Trenton, New Jersey 08625-0116
(609) 376-3331
Ashley.Costello@law.njoag.gov
Attorney for Defendants,
  State of New Jersey and
  Peter McAleer

Ashley L. Costello (107192015)
Deputy Attorney General

## TABLE OF CONTENTS

TABLE OF CONTENTS........................................... ii

TABLE OF AUTHORITIES........................................ iv

PRELIMINARY STATEMENT........................................ 1

PROCEDURAL HISTORY AND STATEMENT OF FACTS.................... 4

STANDARDS OF REVIEW......................................... 8

ARGUMENT................................................... 12

    POINT I

        PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT SHOULD
        BE DENIED AND DEFAULT AS TO STATE DEFENDANTS
        SHOULD BE VACATED PURSUANT TO FED. R. CIV. P.
        55(c) FOR GOOD CAUSE SHOWN.......................... 12

    POINT II

        PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH
        PREJUDICE AS TO STATE DEFENDANTS AS THEY ARE
        ENTITLED TO ELEVENTH AMENDMENT SOVEREIGN
        IMMUNITY AND ARE NOT "PERSONS" AMENABLE TO
        SUIT UNDER 42 U.S.C. §§ 1983 – 1986................ 19

    POINT III

        PLAINTIFF'S COMPLAINT SHOULD ALSO BE DISMISSED
        WITH PREJUDICE AS TO DEFENDANT MCALEER IN HIS
        INDIVIDUAL CAPACITY, AS HE IS ENTITLED TO
        QUALIFIED IMMUNITY FROM SUIT....................... 22

    POINT IV

        PLAINTIFF'S CLAIMS UNDER 42 U.S.C. §§ 1985 AND
        1986 MUST ALSO BE DISMISSED WITH PREJUDICE AS
        TO STATE DEFENDANTS, AS PLAINTIFF'S COMPLAINT
        FAILS TO STATE A PLAUSIBLE CLAIM FOR
        CONSPIRACY......................................... 27

POINT V

       PLAINTIFF'S COMPLAINT SHOULD ALSO BE DISMISSED
WITH PREJUDICE AS STATE DEFENDANTS ARE NOT
"PERSONS" AMENABLE TO SUIT UNDER THE NEW
JERSEY CIVIL RIGHTS ACT............................ 31

POINT VI

       PLAINTIFF'S COMPLAINT SHOULD ALSO BE DISMISSED
WITH PREJUDICE AS TO STATE DEFENDANTS, AS IT
FAILS TO STATE A CLAIM FOR PROSPECTIVE
INJUNCTIVE RELIEF OR DECLARATORY JUDGMENT........... 33

CONCLUSION................................................. 37

**TABLE OF AUTHORITIES**

**Cases**                                                          **Pages**

*Anderson v. Creighton*,
   483 U.S. 635 (1987) ........................................ 23

*Ashcroft v. al-Kidd*,
   563 U.S. 731 (2011) ................................ 22, 23, 26

*Ashcroft v. Iqbal*,
   129 S.Ct. 1937 (2009) ................................. 10, 11

*Balgowan v. New Jersey,*
   115 F.3d 214 (3d Cir. 1997) ............................... 33

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ................................... 10, 11

*Brandon v. Holt*,
   469 U.S. 464 (1985) ....................................... 19

*Brown v. Fauver*,
   819 F.2d 395 (3d Cir. 1987) ............................... 36

*Brown v. Philip Morris, Inc.,*
   250 F.3d 789 (3d Cir. 2001) ............................... 27

*Capogrosso v. The Supreme Court of N.J.,*
   588 F.3d 180 (3d Cir. 2009) ............................... 27

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983) ........................................ 33

*Clark v. Clabaugh*,
   20 F.3d 1290 (3d Cir. 1994) ........................... 28, 30

*Cory v. White*,
   457 U.S. 85 (1982) ........................................ 33

*Didiano v. Balicki*,
   488 F. App'x 634 (3d Cir. 2012) ....................... 31, 32

*Doe v. Div. of Youth & Family Servs.*,
   148 F. Supp. 2d 462 (D.N.J. 2001) ........................ 33

*Doug Grant, Inc. v. Greate Bay Casino Corp.,*
   232 F.3d 173 (3d Cir. 2000) ............................... 11

iv

*Ex parte Young,*
  209 U.S. 123 (1908) ........................................ 33

*Farnese v. Bagnasco,*
  687 F.2d 761 (3d Cir. 1982) ........................... 14, 17

*Feliciano v. Reliant Tooling Co. Ltd.,*
  691 F.2d 653 (3d Cir. 1982) .................... 13, 14, 17, 18

*Gross v. German Found. Indus. Initiative,*
  549 F.3d 605 (3d Cir. 2008), *cert. denied*, 129 S. Ct. 2384 (2009)
  ........................................................ 9

*Guardians Ass'n v. Civil Serv. Comm'n,*
  463 U.S. 582 (1983) ........................................ 34

*Haines v. Kerner,*
  404 U.S. 519 (1972) ........................................ 10

*Hampton v. Holmesburg Prison Officials,*
  546 F.2d 1077 (3d Cir. 1976) ............................... 22

*Hauptmann v. Wilentz,*
  570 F. Supp. 351 (D.N.J. 1983) aff'd,
  770 F.2d 1070 (3d Cir. 1985) ........................... 28, 30

*Hritz v. Woma Corp.,*
  732 F.2d 1178 (3d Cir. 1984) ........................... 13, 17

*Hunter v. Supreme Court,*
  951 F. Supp. 1161 (D.N.J. 1996) ............................ 21

*Indep. Enters. Inc. v. Pittsburgh Water & Sewer Auth.,*
  103 F.3d 1165 (3d Cir. 1997) ............................... 31

*In re Intelligroup Sec. Litig.,*
  527 F. Supp. 2d 262 (D.N.J. 2007) .......................... 14

*Johnson v. State of New Jersey,*
  869 F. Supp. 289 (D.N.J. 1994) ............................. 21

*Larsen v. Senate of the Commonwealth of Pennsylvania,*
  154 F.3d 82 (1998) ......................................... 24

*Medtronic, Inc. v. Mirowski Family Ventures, LLC,*
  134 S. Ct. 843 (2014) ...................................... 35

*Mitchell v. Forsyth,*
   472 U.S. 511 (1985) ........................................ 24

*Monell v. Dep't of Soc. Servs.,*
   436 U.S. 658 (1978) ........................................ 22

*Morse v. Lower Merion Sch. Dist.,*
   132 F.3d 902 (3d Cir. 1997) ................................ 11

*Mortensen v. First Fed. Sav. & Loan Ass'n,*
   549 F.2d 884 (3d Cir. 1977) ............................... 8, 9

*Papaiya v. City of Union City,*
   238 F. App'x 848 (3d Cir. 2007) ............................ 27

*Pearson v. Callahan,*
   555 U.S. 223 (2009) ........................................ 23

*Pennhurst State School & Hosp. v. Halderman,*
   465 U.S. 89 (1984) ......................................... 20

*Petrucelli v. Bohringer & Ratzinger,*
   46 F.3d 1298 (3d Cir. 1995) ................................ 12

*Philips v. County of Allegheny,*
   515 F.3d 224 (3d Cir. 2008) ................................. 9

*Plumhoff v. Rickard,*
   134 S. Ct. 2012 (2014) ................................. 23, 24

*Poling v. K. Hovnanian Enters.,*
   99 F. Supp. 2d 502 (D.N.J. 2000) ........................... 8

*Quern v. Jordan,*
   440 U.S. 332 (1979) ........................................ 33

*Reifer v. Westport Ins. Corp.,*
   751 F.3d 129 (3d Cir. 2014) ................................ 35

*Saucier v. Katz,*
   533 U.S. 194 (2001) ........................................ 24

*Smolow v. Hafer,*
   353 F. Supp. 2d 561 (E.D. Pa. 2005) ........................ 9

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
   551 U.S. 308 (2007) ........................................ 10

*Trafton v. City of Woodbury*,
  799 F. Supp. 2d 417 (D.N.J. 2011) ........................... 31

*United States v. $55,518.05 in U.S. Currency*,
  728 F.2d 192 (3d Cir. 1984) .................... 12, 13, 14, 18

*Verizon Md., Inc. v. PSC*,
  535 U.S. 635 (2002) ........................................ 34

*Will v. Mich. Dep't of State Police,*
  491 U.S. 58 (1989) ..................................... 19, 31

*ZF Meritor, LLC v. Eaton Corp.,*
  696 F.3d 254 (3d Cir. 2012), *cert. denied,*
  133 S. Ct. 2025, 185 L. Ed. 2d 886 (2013) .............. 34, 35

**<u>Statutes</u>**

28 U.S.C. § 2201..................................... 38, 41, 42

28 U.S.C. § 2202..................................... 38, 41, 42

42 U.S.C. § 1983........................................ passim

42 U.S.C. § 1985........................................ passim

42 U.S.C. § 1986........................................ passim

**<u>Rules</u>**

Fed. R. Civ. P. 4(m).................................... 7, 22

Fed. R. Civ. P. 12(b)(1)............................... passim

Fed. R. Civ. P. 12(b)(6)............................... passim

Fed. R. Civ. P. 55(c).................................. passim

Fed. R. Evid. 201(b)...................................... 14

## PRELIMINARY STATEMENT

This matter arises out of Plaintiff New Jersey Chinese Community Center, Inc.'s allegations that its constitutional rights were violated by Co-Defendant IPD Group, Inc.'s alleged retraction of a press release at the direction of Defendant Peter McAleer.

It is respectfully asserted that the court should deny Plaintiff's Motion for default judgment against Defendants State of New Jersey and Peter McAleer, ("State Defendants"), and should grant State Defendants' Cross-Motion to vacate default pursuant Fed. R. Civ. P. 55(c) and to dismiss Plaintiff's Complaint with prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

First, it is respectfully asserted that good cause exists to vacate the entry of default as to State Defendants pursuant to Fed. R. Civ. P. 55(c) and to allow State Defendants to file the within Cross-Motion to Dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), because, as discussed in greater detail in Points II – VI *infra*, State Defendants has numerous meritorious defenses to Plaintiff's alleged claims.

Second, it is respectfully asserted that good cause exists to vacate the entry of default as to State Defendants as her failure

to file a response to Plaintiff's Complaint was not "willful" or done in "bad faith." Rather, State Defendants' failure to file a response to Plaintiff's Complaint was result of an administrative failure wherein Plaintiff's electronic service email was not forwarded to the undersigned, so the undersigned was unaware that Plaintiff had properly served the State of New Jersey with Plaintiff's Complaint pursuant to Fed. R. Civ. P. 4(m). Additionally, Defendant McAleer was not properly personally served with Plaintiff's Complaint pursuant to Fed. R. Civ. P. 4(m).

Third, it is respectfully asserted that Plaintiff will not suffer prejudice if default is vacated and State Defendants is permitted to present all meritorious defenses to Plaintiff's claims, as Plaintiff could not have reasonably relied on the entry of default where its claims are barred by Eleventh Amendment Sovereign Immunity, State Defendants are not "persons" amenable to suit under 42 U.S.C. §§ 1983 – 1986 and the NJCRA, the Complaint fails to state a claim for a violation of Plaintiff's constitutional rights under 42 U.S.C. §§ 1983 - 1986, and Defendant McAleer is entitled to qualified immunity from suit.

Lastly, it is respectfully asserted that vacating default will not cause significantly delay in these proceedings, as Co-Defendant IPD Group Inc. filed a Motion to Dismiss Plaintiff's Complaint with prejudice on October 4, 2021, which is currently pending before the court. (ECF Nos. 11 – 14). Thus, it is

respectfully asserted that the court should deny Plaintiff's motion for default judgment, and should grant State Defendants' Cross-Motion to vacate the entry of default pursuant to Fed. R. Civ. P. 55(c).

Furthermore, the court should also grant State Defendants' Cross-Motion to Dismiss Plaintiff's Complaint with prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), for several reasons. First, the court should dismiss Plaintiff's Complaint with prejudice as State Defendants are entitled to Eleventh Amendment Sovereign Immunity and are not "persons" amenable to suit under 42 U.S.C. §§ 1983 - 1986. Similarly, Plaintiff's NJCRA claims against State Defendants should be dismissed as State Defendants are also not "persons" under the NJCRA.

Additionally, the court should dismiss Plaintiff's Complaint with prejudice as to Defendant State of New Jersey as Plaintiff cannot base its claims against the State of New Jersey on a theory of respondeat superior. Furthermore, the court should also dismiss Plaintiff's Complaint with prejudice as to Defendant McAleer in his individual capacity as Defendant McAleer is entitled to qualified immunity. Apart from the above, the court should dismiss Plaintiff's claims under §§ 1985 and 1986 with prejudice, as Plaintiff's Complaint fails to state a plausible claim for

3

conspiracy against State Defendants. Lastly, the court should dismiss Plaintiff's Complaint with prejudice as it fails to state a claim for injunctive relief or declaratory judgment.

In sum, it is respectfully asserted that the court should deny Plaintiff's Motion for default judgment, and grant State Defendants' Cross-Motion to vacate the entry of default and to dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 55(c).

## PROCEDURAL HISTORY AND STATEMENT OF FACTS[1]

This matter arises out of Plaintiff New Jersey Chinese Community Center, Inc.'s allegations that its constitutional rights were violated by Co-Defendant IPD Group, Inc.'s alleged retraction of a press release at the direction of Defendant Peter McAleer. (*See* ECF No. 1, *generally*).

On April 6, 2021,[2] Plaintiff filed a Complaint against Defendants State of New Jersey and Peter McAleer, ("State Defendants"), as well as Co-Defendant IPD Group, Inc. d/b/a as EIN Presswire, in the United States District Court, District of New Jersey. *See Id.* In the Complaint, Plaintiff alleges that Defendants

---

[1] The Procedural History and Statement of Facts have been combined to avoid repetition, as they are closely related.

[2] Although Plaintiff's Complaint was submitted on November 23, 2021, it was not filed until November 29, 2021 when Plaintiff paid the filing fee. (*See* ECF Nos. 1 – 3).

violated her federal and state constitutional rights under 42
U.S.C. §§ 1983 – 1986 and the New Jersey Civil Rights Act,
("NJCRA"). (*See* ECF No. 1, ¶¶7 – 12). Specifically, Plaintiff
alleges a violation of its right to freedom of speech under the
First and Fifth Amendments of the federal constitution, and the
NJCRA.

Plaintiff alleges in the Complaint that it submitted a press
release to Co-Defendant IPD Group Inc. d/b/a EIN Presswire on
February 15, 2021, entitled "In Somerset Superior Court, Judge
Reed Just Couldn't Stand up to Judge Miller's Pressure in Deciding
a Case," for EIN Presswire's publication and distribution. *See Id.*
at ¶4. Plaintiff alleges that on or about February 20, 2021, Co-
Defendant IPD Group Inc. d/b/a EIN Presswire approved the press
release for distribution. *Id.* at ¶5. However, on March 10, 2021,
Plaintiff found that the press release had been retracted without
its knowledge or consent. *Id.* at ¶6.

The only factual allegation in Plaintiff's Complaint directed
at Defendant McAleer is that "[a]ccording to [Co-Defendant] EIN
Presswire, it retracted the press release because Peter McAleer,
who is the Director of Communications and Community Relations, New
Jersey Administrative Office of the Courts, had filed a complaint
and ordered that it be retracted."[3] *Id.* at ¶7. Plaintiff further

---

[3]   The Complaint contains no factual allegations directed at
Defendant State of New Jersey. (*See* ECF No. 1, *generally*).

alleges that "despite repeated emails" Defendant McAleer "failed to provide any reason or cite any authority that empowered him to suppress the Plaintiff's press release." *Id.* at ¶8.

Plaintiff asserts that the "press release was part of a fundraising campaign to raise awareness and speak out against discrimination and bias against Asian Americans, including racial injustices faced by Asian Americans in the legal justice system." *Id.* at ¶9. Plaintiff also makes the conclusory assertion that "[t]he defendant's arbitrary action has undermined the plaintiff's credibility and severely damaged the plaintiff's fundraising ability." *Id.* at ¶10.

Plaintiff asks this court to (1) "[d]eclare the defendants' suppression of the plaintiff's press release unconstitutional," (2) "[c]ompel the defendants to restore and re-publish the press release," and (3) enter "judgment against the defendant for financial loss." *See Id.* at ¶15.

Summons were issued as to all Defendants on April 6, 2021. (ECF No. 4). On July 8, 2021, the court issued a Notice of Call for Dismissal pursuant to Fed. R. Civ. P. 4(m). (ECF No. 5). On July 12, 2021, Plaintiff filed a Motion for an Extension of Time to File Summons and Complaint. (ECF No. 6). On July 15, 2021, the court entered an Order denying Plaintiff's Motion and directing Plaintiff to serve Defendants and to file proofs of service within 45 days of the court's Order. (ECF No. 7).

On August 28, 2021, Plaintiff filed an Affidavit of Non-Service as to State Defendants, stating that the security officer at the Office of the State of New Jersey provided the process server with a policy permitting service on the State of New Jersey via email to the NJAG Electronic Service email, which was established due to the COVID19 pandemic. (*See* ECF No. 8). Plaintiff also attached a copy of her email to the NJAG Electronic Service email with Summonses directed to Defendants State of New Jersey and Peter McAleer, dated August 16, 2021. *See Id.*

However, it should be noted that the NJ Supreme Court's April 7, 2020 Order only relaxed the provisions of N.J. Ct. R. 4:4-4(a)(7) to permit service via email **on the State of New Jersey only**, and did not relax the Court Rules to permit service on individual state employees via the NJAG Electronic Service email. (*See* New Jersey Supreme Court April 7, 2020 Order attached as Exhibit A.)[4]

Plaintiff filed an Affidavit of Service as to Co-Defendant IPD Group Inc. on September 13, 2021. (ECF No. 9). On October 4, 2021, Co-Defendant IPD Group Inc. filed a Motion to Dismiss Plaintiff's Complaint with prejudice, which is currently pending

---

[4]  It is respectfully asserted that the court can take judicial notice of the NJ Supreme Court's April 7, 2020 Order under Fed. R. Evid. 201(b). *See In re Intelligroup Sec. Litig.,* 527 F. Supp. 2d 262, 269 (D.N.J. 2007) (citing Fed. R. Evid. 201(b)).

before the court. (ECF Nos. 11 – 14).

On November 9, 2021, Plaintiff filed a request for default against State Defendants based on the August 28, 2021 Affidavit of Service, which the clerk entered on the same date. (ECF Nos. 8, 16 - 17). On March 10, 2022, Plaintiff filed a Motion for Default Judgment based on the August 28, 2021 Affidavit of Service, marked returnable April 4, 2022. (ECF No. 18). On March 21, 2022 and March 25, 2022, State Defendants filed letters requesting a one-cycle adjournment of Plaintiff's Motion to April 18, 2022, with Plaintiff's consent. (ECF No. 20).

State Defendants now file the within Cross-Motion to Vacate Default and Dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## **STANDARDS OF REVIEW**

### I.   **Standard of Review under Fed. R. Civ. P. 12(b)(1)**

In evaluating a motion to dismiss under 12(b)(1) for lack of subject matter jurisdiction, the court must first determine whether defendant's motion attacks the complaint as deficient on its face, or whether defendant's motion attacks the existence of subject matter jurisdiction in fact. *Poling v. K. Hovnanian Enters.,* 99 F. Supp. 2d 502, 514-15 (D.N.J. 2000) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "In a facial attack a Defendant argues that the Plaintiff did not properly plead jurisdiction . . . [whereas] a

8

'factual attack' asserts that jurisdiction is lacking on the basis of facts outside of the pleadings." *Smolow v. Hafer*, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005).

Where a 12(b)(1) motion facially attacks the complaint, the court must take all allegations in the complaint as true. *Mortensen*, 549 F.2d at 891. However, where defendant attacks the court's subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. *Id.* Plaintiff bears the burden of proof that subject matter jurisdiction does in fact exist. *Id.*

## II.   Standard of Review under Fed. R. Civ. P. 12(b)(6)

Under Fed. R. Civ. P. 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the courts must accept as true the factual allegations in the complaint and construe any inferences to be drawn from those allegations in plaintiff's favor. *See Philips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal citation omitted); *Gross v. German Found. Indus. Initiative,* 549 F.3d 605, 610 (3d Cir. 2008), *cert. denied,* 129 S. Ct. 2384 (2009).  A court may consider the complaint along with

exhibits attached to the complaint when reviewing a 12(b)(6) motion to dismiss.[5] *Pension Benefit Guar. Corp.,* 998 F.2d at 1196.

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need "detailed factual allegations" it must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading which simply offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." *Id.* A complaint must also state more than "naked assertions" which are devoid of "further factual enhancement." *Id.* A *pro se* complaint must be construed more indulgently than a complaint drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

In order for a claim to survive a 12(b)(6) motion to dismiss, it must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570). A claim becomes facially plausible when, based on the factual content of the pleading, the court could draw a reasonable inference that the defendant is

---

[5] A court may also consider documents extrinsic to the complaint on a Rule 12(b)(6) motion, if they are integral to the allegations in the complaint and involve matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007).

liable. *Id.* (quoting *Twombly*, 550 U.S. at 556).  The plausibility standard requires more than simply a sheer possibility that a defendant has acted unlawfully. *Id.* Accordingly, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true . . . ." *Twombly,* 550 U.S. at 555.

Furthermore, in analyzing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court need not accept as true the plaintiff's "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.,* 232 F.3d 173, 183- 84 (3d Cir. 2000) (citations and quotations omitted), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted). Conclusory allegations are not entitled to the assumption of truth, and a plaintiff must plead more than conclusory allegations that are merely consistent with liability in order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Iqbal*, 556 U.S. at 678.

11

**ARGUMENT**

**POINT I**

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT SHOULD BE DENIED AND DEFAULT AS TO STATE DEFENDANTS SHOULD BE VACATED PURSUANT TO FED. R. CIV. P. 55(c) FOR GOOD CAUSE SHOWN.**

It is respectfully asserted that the court should deny Plaintiff's Motion for Default Judgment under Fed. R. Civ. P. 55, and should grant State Defendants' Cross-Motion to vacate the entry of default pursuant Fed. R. Civ. P. 55(c), for good cause shown, and dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Fed. R. Civ. P. 55 charts the course a plaintiff must navigate to obtain a default judgment against a nonresponsive defendant. *Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1304 (3d Cir. 1995). "First, if the plaintiff shows the defendant's 'fail[ure] to plead or otherwise defend, . . . the clerk must enter [the defendant's] default,' Fed. R. Civ. P. 55(a), which is valid only if the defendant was properly served." *Id.* The plaintiff may then "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Furthermore, Fed. R. Civ. P. 55(c) provides that "for good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). Defaults

12

are disfavored, and where a party has moved to set aside a default, doubtful cases should be resolved in favor of the party moving to set aside a default entry "so that cases may be decided on their merits." *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984); *see also Feliciano v. Reliant Tooling Co. Ltd.,* 691 F.2d 653, 656 (3d Cir. 1982) (noting that default is not favored and all doubt should be resolved in favor of setting aside default and reaching a decision on the merits). "The exercise of such judgment does not lend itself to a rigid formula or to a per se rule." *Hritz v. Woma Corp.,* 732 F.2d 1178, 1181 (3d Cir. 1984).

In resolving a motion to set aside a default under Rule 55(c), courts should consider: (1) whether the defendant has a meritorious defense; (2) whether the default was the result of the defendant's culpable conduct; and (3) whether the plaintiff will be prejudiced. *See $55,518.05 in U.S. Currency*, 728 F.2d at 194-95. One of the primary considerations in deciding a motion to vacate an entry of default is whether the defendant has a meritorious defense. *Id.* The showing of a meritorious defense is accomplished when "allegations of defendant's answer, if established, would constitute a complete defense to the action." *Id.*

In determining whether a default entry resulted from the culpable conduct of a Defendant, courts examine the "willfulness" or "bad faith" of a non-responding defendant. *Hritz,* 732 F.2d at

13

1182.   A finding of culpable conduct requires more than mere negligence.  *Id.*  Certainly, "willfulness" and "bad faith" include acts intentionally designed to avoid compliance with court notices.  *Id.*  The fact that the defendant or his counsel neglected the obligation to respond is not sufficient to establish culpable conduct.  *See Farnese v. Bagnasco,* 687 F.2d 761, 764 (3d Cir. 1982).

The Court must also consider whether Plaintiff will suffer prejudice if the entry of default is vacated.  *See $55,518.05 in U.S. Currency,* 728 F.2d at 194-95.  Prejudice under Fed. R. Civ. P. 55(c) can be defined as the loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.  *See Feliciano*, 691 F.2d at 657.  A delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent vacating default, particularly a default entered at an early stage of the proceeding.  *See Id.*

In the present case, it is respectfully asserted that the court should deny Plaintiff's Motion for default judgment, and should grant State Defendants' Cross-Motion to vacate the entry of default, as good cause exists to vacate default as to State Defendants pursuant to Fed. R. Civ. P. 55(c), and to allow State Defendants to file the within Cross-Motion to Dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and

12(b)(6). Preliminarily, it is respectfully asserted that default should be vacated as to the State Defendants, as they have numerous meritorious defenses to the Plaintiff's alleged claims, as set forth below and in greater detail in Points II – V *infra,* in support of State Defendants' Cross-Motion to Dismiss Plaintiff's Complaint. (*See* ECF No. 1, *generally; see also* Point II - V, *infra*).

First, Plaintiff's Complaint is subject to dismissal for lack of subject matter jurisdiction pursuant Fed. R. Civ. P. 12(b)(1), as State Defendants are entitled to Eleventh Amendment Sovereign Immunity and are not "persons" amenable to suit under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, ("NJCRA"). Plaintiff's Complaint should also be dismissed with prejudice as to Defendant State of New Jersey as Plaintiff cannot basis his claim against Defendant State of New Jersey under § 1983 or the NJCRA, on a theory of respondeat superior or vicarious liability. Additionally, Plaintiff's Complaint should also be dismissed as to Defendant McAleer pursuant to Fed. R. Civ. P. 12(b)(6) as Defendant McAleer is entitled to qualified immunity from suit in federal court.

Furthermore, Plaintiff's claims under 42 U.S.C. § 1985 and § 1986 should be dismissed with prejudice as State Defendants are entitled to Eleventh Amendment Sovereign Immunity, and as

15

Plaintiff's Complaint fails to contain any factual allegations to state a plausible claim for conspiracy.

Apart from the above, Plaintiff's Complaint should also be dismissed with prejudice as to State Defendants pursuant to Fed. R. Civ. P. 12(b)(6), as Plaintiff's Complaint fails to state a claim for a violation of his constitutional rights under the First and Fifth Amendments of the U.S. Constitution. Lastly, Plaintiffs' Complaint is also subject to dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), as it fails to state a claim against State Defendants for injunctive relief or declaratory judgment.

Thus, it is respectfully asserted that the entry of default as to State Defendants should be vacated pursuant to Fed. R. Civ. P. 55(c), because, as set forth in greater detail in Points II – V *infra*, State Defendants have numerous meritorious defenses to Plaintiff's alleged claims.

In regard to the second prong of the analysis, it is respectfully asserted that default should be vacated pursuant to Fed. R. Civ. P. 55(c) as the entry of default did not result from the culpable conduct of State Defendants. Rather, State Defendants' failure to file a response to Plaintiff's Complaint was result of an administrative failure wherein Plaintiff's electronic service email was not forwarded to the undersigned, so the undersigned was unaware that Plaintiff had properly served the

State of New Jersey with Plaintiff's Complaint pursuant to Fed. R. Civ. P. 4(m). *See* Fed. R. Civ. P. 4(m). Additionally, as noted above, the NJ Supreme Court's Order did not relax the N.J. Court Rules to permit personal service on state employees via the NJAG Electronic Service email. (*See* Exhibit A). Thus, Defendant McAleer was not properly personally served with Plaintiff's Complaint pursuant to Fed. R. Civ. P. 4(m). *See* Fed. R. Civ. P. 4(m).

As such, it is respectfully asserted that the entry of default did not result from the culpable conduct of State Defendants, as their failure to file a response to Plaintiff's Complaint was not "willful" or done in "bad faith." *See Hritz*, 732 F.2d at 1182; *see also Farnese*, 687 F.2d at 764.

In regard to the third prong of the analysis, State Defendants respectfully assert that Plaintiff will not suffer prejudice if default is vacated and State Defendants are permitted to present their meritorious defenses to Plaintiff's claims. It is respectfully asserted that Plaintiff could not have reasonably relied on the default where its claims are barred by Eleventh Amendment Sovereign Immunity, State Defendants are not "persons" amenable to suit under 42 U.S.C. §§ 1983 – 1986 and the NJCRA, Plaintiff cannot base its claims against Defendant State of New Jersey under §§ 1983 – 1986 on a theory of respondeat superior, the Complaint fails to state a claim for a violation of Plaintiff's constitutional rights under 42 U.S.C. §§ 1983 - 1986, and Defendant

17

McAleer is entitled to qualified immunity from suit in federal court.

Additionally, it is asserted that Plaintiff will not suffer prejudice as defined by the court in *Feliciano* if the entry of default is vacated, as a delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent vacating the entry of default. *See Feliciano*, 691 F.2d at 657. Lastly, State Defendants respectfully assert that vacating default will not cause significantly delay in these proceedings, as Co-Defendant IPD Group, Inc.[6] filed a Motion to Dismiss Plaintiff's Complaint with prejudice on October 4, 2021, which is currently pending before the court. (ECF Nos. 11 – 14).

In sum, it is respectfully asserted that Plaintiff's motion for default judgment should be denied and State Defendants' Cross-motion to vacate the entry of default for good cause shown pursuant to Fed. R. Civ. P. 55(c), should be granted, permitting State Defendants to assert their meritorious defenses to Plaintiff's claims in the within Motion to Dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *See $55,518.05 in U.S. Currency,* 728 F.2d at 194-95 (reiterating that defaults are disfavored, and where a party has moved to set aside a default, doubtful cases should be resolved in favor of the party

---

[6]   Defendant IPD Group, Inc. is the sole Co-Defendant in this matter.

moving to set aside a default entry "so that cases may be decided on their merits")).

**POINT II**

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE AS TO STATE DEFENDANTS AS THEY ARE ENTITLED TO ELEVENTH AMENDMENT SOVEREIGN IMMUNITY AND ARE NOT "PERSONS" AMENABLE TO SUIT UNDER 42 U.S.C. §§ 1983 - 1986.**

Plaintiff's Complaint should be dismissed with prejudice as to State Defendants pursuant to Fed. R. Civ. P. 12(b)(1), as State Defendants are entitled to Eleventh Amendment Sovereign Immunity from suit and are not "persons" amenable to suit under 42 U.S.C. §§ 1983 - 1986. § 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivations of civil liberties. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 60 (1989). The Court in *Will* concluded that as a matter of statutory construction, a State is not a "person" within the meaning of 42 U.S.C. § 1983. *Id.* at 64-65. The Supreme Court's holding in *Will* includes state and governmental entities that are considered an "arm of a State." *Id.* at 70.

Additionally, the Supreme Court in *Will* definitively held that a suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. *Id.* at 71, (quoting *Brandon v. Holt,* 469 U.S. 464, 471 (1985)). As such, a suit against a state official

19

in his or her official capacity is no different from a suit against the State itself, and the state official in his or her official capacity is also not a "person" amenable to suit under 42 U.S.C. § 1983. *Id.* at 71 (quoting *Brandon*, 469 U.S. at 471). Furthermore, the Third Circuit has held that the term "person" has the same meaning under both §§ 1983 and 1985. *See Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 854 n.3 (3d Cir. 2014).

Moreover, the Supreme Court in *Will* 491 U.S. at 71, also held that Eleventh Amendment Sovereign Immunity protects states from liability under § 1983, as well as state agencies and state officials being sued in their official capacity. *Will* 491 U.S. at 71. The Court reasoned that plaintiffs should not be able to circumvent sovereign immunity by simply suing state officials or agencies, as in either instance the state itself ultimately bears the financial burden. *Id.* (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984)).

Similarly, the State of New Jersey, and its agencies and employees, are also entitled to Eleventh Amendment Sovereign Immunity from suit under § 1985, as Congress has not expressly abrogated the State of New Jersey's sovereign immunity under § 1985. *See Garcia v. Richard Stockton Coll.,* 210 F. Supp. 2d 545, 550 (D.N.J. 2002) (citing *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 55 (1996)) (finding that Congress has not expressly abrogated the State of New Jersey's sovereign immunity under §

20

1985); *see also Quern v. Jordan*, 440 U.S. 332, 342 (1979) (the Civil Rights Act of 1871 did not abrogate the states' sovereign immunity); *Collins v. Sload*, 212 F. App'x 136, 140 n.5 (3d Cir. 2007) ("[T]he Eleventh Amendment barred the suit under [§§ 1983 and 1985] . . . .").

Notably, the Supreme Court of New Jersey, its agencies, and employees enjoy Eleventh Amendment Sovereign Immunity. *See Hunter v. Supreme Court*, 951 F. Supp. 1161, 1177 (D.N.J. 1996). "The Supreme Court of New Jersey is protected by the state's sovereign immunity because 'the judicial branch is an integral part of the state of New Jersey.'" *Id.* (quoting *Johnson v. State of New Jersey*, 869 F. Supp. 289, 296-97 (D.N.J. 1994)).

Here, Plaintiff's Complaint should be dismissed with prejudice as to State Defendants, as Defendant State of New Jersey is entitled to Eleventh Amendment Sovereign Immunity and is not a "person" amenable to suit under §§ 1983 and 1985. Additionally, based on the Court's holding in *Will*, 491 U.S. at 71, Defendant McAleer, as a state official sued in his official capacity, is not a "person" amenable to suit under §§ 1983 and 1985 and is also entitled to Eleventh Amendment Sovereign Immunity from suit in federal court. *See Will*, 491 U.S. at 71; *see also Estate of Lagano*, 769 F.3d at 854 n.3; *Garcia,* 210 F. Supp. 2d at 550; *Quern*, 440 U.S. at 342.

Thus, Plaintiff's Complaint should be dismissed with prejudice as to Defendant State of New Jersey,[7] and Defendant McAleer in his official capacity, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), as they are entitled to Eleventh Amendment Sovereign Immunity and are not "persons" amenable to suit under §§ 1983 and 1985.

**POINT III**

**PLAINTIFF'S COMPLAINT SHOULD ALSO BE DISMISSED WITH PREJUDICE AS TO DEFENDANT MCALEER IN HIS INDIVIDUAL CAPACITY, AS HE IS ENTITLED TO QUALIFIED IMMUNITY FROM SUIT.**

Plaintiff's Complaint should also be dismissed with prejudice as to Defendant McAleer pursuant to Fed. R. Civ. P. 12(b)(6), as Defendant McAleer in his individual capacity, is entitled to qualified immunity from suit in federal court. "Qualified immunity shields government officials "from civil liability for civil damages unless a plaintiff pleads facts showing (1) that the

---

[7] Additionally, insofar as Plaintiff attempts to assert claims against Defendant State of New Jersey based on a theory of respondeat superior or vicarious liability, such claims must be dismissed with prejudice Plaintiff cannot base his § 1983 claims against Defendant State of New Jersey on a theory of respondeat superior or vicarious liability. *See Hampton v. Holmesburg Prison Officials,* 546 F.2d 1077, 1082 (3d Cir. 1976) (holding that in § 1983 suits liability may not be imposed on the traditional standards of *respondeat superior*); *see also Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 660 (1978) (holding that a local government may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by its employees or agents and that the language of § 1983 cannot be read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor).

official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011). Lower courts have "flexibility" to choose which prong to address first. *Pearson v. Callahan*, 555 U.S. 223, 241-42 (2009).

Qualified immunity shields government officials performing discretionary functions "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). The immunity thus grants officials "breathing room to make reasonable but mistaken judgments about open legal questions," thereby protecting "all but the plainly incompetent or those who knowingly violate the law." *al-Kidd*, 563 U.S. at 731.

The first step in the qualified immunity analysis asks whether the official violated a constitutional right, as determined by reference to case law interpreting the right at issue and establishing standards for its violation. *See Plumhoff v. Rickard*, 134 S. Ct. 2012, 2014 (2014)*. The second step asks whether, "at the time of the challenged conduct, the contours of a right [were] sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *al-Kidd*, 563 U.S. at 731 (citing *Anderson*, 483 U.S. at 640).

To determine the "contours" of the right at issue, the Court in *al-Kidd* held that absent "controlling authority," a "robust consensus of cases of persuasive authority" must have placed the statutory or constitutional question confronting the officials "beyond debate." *Id.* In this regard, the Court has repeatedly cautioned lower courts "not to define clearly established law at a high level of generality . . . since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff*, 134 S. Ct. at 2023. Defendants are entitled to qualified immunity if reasonable officials in their position at the relevant time could have believed that their conduct would be lawful. *Larsen v. Senate of the Commonwealth of Pennsylvania*, 154 F.3d 82, 87 (1998). Even if officials should have been aware of the governing legal principles, they are shielded by qualified immunity if they could have believed their conduct could be consistent with those principles based on the information available to them at the time. *Id.*

Furthermore, qualified immunity "is an immunity from suit rather than a mere defense to liability" that is effectively lost if the case is allowed to go to trial. *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). Therefore, questions of qualified immunity, which allows public officials to avoid the burdens of standing trial, should be resolved as early in the process of litigation as possible. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

24

Here, Plaintiff's Complaint should also be dismissed with prejudice as to Defendant McAleer in his individual capacity, as he is entitled to qualified immunity from suit in federal court. Preliminarily, Plaintiff's Complaint fails to contain any factual allegations to state a claim against State Defendants for a violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983 - 1986. (*See* ECF No. 1, *generally*). Significantly, Plaintiff's Complaint fails to contain any specific factual allegations to state a claim for a violation of Plaintiff's rights to freedom of speech under the First and Fifth Amendments, or to state a plausible claim for conspiracy against State Defendants. *See Id.*

Rather, Plaintiff's Complaint contains only the conclusory assertion that according to Co-Defendant IPD Group, Inc., d/b/a EIN Presswire, it retracted the Plaintiff's press release because Defendant McAleer "had filed a complaint and ordered that [the press release] be retracted." (ECF No. 1, ¶7). Plaintiff also asserts that "[d]espite repeated emails, the defendant Peter McAleer has failed to provide any reason or cite any authority that empowered him to suppress the plaintiff's press release." *Id.* at ¶8.

However, Plaintiffs' conclusory assertions are not entitled to an assumption of truth and are insufficient to state a claim against State Defendants for a violation of Plaintiff's

constitutional rights. *See Doug Grant, Inc.*, 232 F.3d at 183 - 84. As Plaintiff failed to plead any factual allegations to state a claim against State Defendants for a violation of Plaintiff's constitutional rights, the Defendant McAleer is entitled to qualified immunity and Plaintiff's Complaint should be dismissed with prejudice as to Defendant McAleer in his individual capacity.

Furthermore, even assuming *arguendo* that Plaintiff's Complaint stated a cognizable claim for a violation of Plaintiff's constitutional rights, these rights were not clearly established at the time of the alleged incident, as no "controlling authority" and no "robust consensus of cases of persuasive authority" placed the unconstitutionality of Defendant McAleer's alleged actions "beyond debate."[8] *See al-Kidd*, 563 U.S. at 731.

Thus, Plaintiff's Complaint should also be dismissed with prejudice as to Defendant McAleer in his individual capacity, as he is entitled to qualified immunity from suit, where Plaintiff's Complaint fails to state a plausible claim for a violation of Plaintiff's clearly established constitutional rights.

---

[8] Specifically, it was not clearly established by any "controlling authority" or "robust consensus of cases of persuasive authority" that Defendant McAleer's alleged actions of filing a complaint with EIN Presswire and directing a private company over whom he has no control, to retract a press release it had published/distributed, would violate Plaintiff's right to freedom of speech under the First or Fifth Amendments. *See al-Kidd*, 563 U.S. at 731.

## <u>POINT IV</u>

**PLAINTIFF'S CLAIMS UNDER 42 U.S.C. §§ 1985 AND 1986 MUST ALSO BE DISMISSED WITH PREJUDICE AS TO STATE DEFENDANTS, AS PLAINTIFF'S COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM FOR CONSPIRACY.**

Apart from the above, Plaintiff's claims under §§ 1985 and 1986 should also be dismissed with prejudice as to State Defendants, as Plaintiff's Complaint contains no factual allegations to state a cognizable claim against State Defendants for conspiracy. Section 1985 of 42 U.S.C. deals with conspiracies to interfere with civil rights. Section 1985 does not itself create any substantive rights but acts as a "vehicle to vindicate [other] federal rights and privileges." *See Papaiya v. City of Union City*, 238 F. App'x 848, 851 (3d Cir. 2007) (quoting *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 805 (3d Cir. 2001)).

To establish a claim under 42 U.S.C. § 1985, a plaintiff must show (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States. *See Owens v. Armstrong*, 171 F. Supp. 3d 316, 328-29 (D.N.J. 2016) (citing *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006)).

27

In order to survive a Rule 12(b)(6) motion, the plaintiff must also allege facts supporting the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009)). It is not enough for a plaintiff "to make merely broad or conclusory allegations concerning the existence of . . . a conspiracy . . . Rather, plaintiffs must allege with sufficient particularity that the [defendants] reached some understanding or agreement, or plotted, planned and conspired together, to deprive plaintiffs of a federal right." *Hauptmann v. Wilentz*, 570 F. Supp. 351, 374 - 375 (D.N.J. 1983) *aff'd*, 770 F.2d 1070 (3d Cir. 1985).

Further, a plaintiff must allege facts that plausibly suggest, "some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" to state a claim. *Farber*, 440 F.3d at 134 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)); *see also Cranbury Brook Farms v. Township of Cranbury*, 226 F. App'x. 92, 95 n.4 (3d Cir. 2007) (a plaintiff must allege that the conspiracy was "motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws.").

42 U.S.C. § 1986 constitutes an additional safeguard for those rights protected under § 1985, and transgressions of § 1986 by definition depend on a preexisting violation of § 1985. *Clark v.*

*Clabaugh,* 20 F.3d 1290, 1292 (3d Cir. 1994). Thus, to maintain a cause of action under 42 U.S.C. § 1986, the plaintiff must show the existence of a § 1985 conspiracy. *Id.* Additionally, a § 1986 plaintiff must show that: (1) the defendant has actual knowledge of a § 1985 conspiracy, (2) the defendant has the power to prevent or aid in preventing the commission of a § 1985 violation, (3) the defendant neglects or refuses to prevent a § 1985 conspiracy, and (4) a wrongful act is committed.

In the present case, Plaintiff's alleged claims of conspiracy under §§ 1985 and 1986 must be dismissed with prejudice as State Defendants are entitled to Eleventh Amendment Sovereign Immunity and as Plaintiff's Complaint fails to state a cognizable claim for conspiracy under §§ 1985 and 1986. Preliminarily, Plaintiff's alleged claims of conspiracy under §§ 1985 and 1986 must be dismissed with prejudice because, as noted above, State Defendants are entitled to Eleventh Amendment Sovereign Immunity and are not "persons" amenable to suit under §§ 1985 and 1986. *See Will*, 491 U.S. at 71; *see also Estate of Lagano*, 769 F.3d at 854 n.3; *Garcia*, 210 F. Supp. 2d at 550; *Quern*, 440 U.S. at 342.

Furthermore, even if Plaintiff's alleged claims of conspiracy under §§ 1985 and 1986 were not barred by Eleventh Amendment Sovereign Immunity, they still fail as a matter of law, as Plaintiff's Complaint does not contain any facts supporting the

existence of a conspiratorial agreement. Farber, 440 F.3d at 134. Plaintiff's Complaint also fails to contain any factual allegations to show that a racial or class-based discriminatory animus motivated the Defendant's alleged actions. *See Griffin*, 403 U.S. at 102.

Rather, Plaintiff's Complaint contains only conclusory allegations that Defendant McAleer "ordered" EIN Presswire to retract the press release, and that the "press release was part of a fundraising campaign to raise awareness and speak out against discrimination and bias against Asian Americans, including racial injustices faced by Asian Americans in the legal justice system[,]" which are insufficient to state a claim for conspiracy under § 1985. *See Hauptmann*, 570 F. Supp. at 374 - 375. Moreover, as Plaintiff's Complaint fails to state a claim for conspiracy under § 1985, Plaintiff's alleged claims under § 1986 also fail as a matter of law. *See Clark*, 20 F.3d at 1292.

Thus, apart from the above, Plaintiff's claims under §§ 1985 and 1986 should also be dismissed with prejudice as to State Defendants, as Plaintiff's Complaint fails to state a plausible claim for conspiracy.

## POINT V

**PLAINTIFF'S COMPLAINT SHOULD ALSO BE DISMISSED WITH PREJUDICE AS STATE DEFENDANTS ARE NOT "PERSONS" AMENABLE TO SUIT UNDER THE NEW JERSEY CIVIL RIGHTS ACT.**

Plaintiff's claim against State Defendants under the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-2(c), ("NJCRA"), should also be dismissed with prejudice as the State Defendants are not "persons" amenable to suit under the NJCRA. The NJCRA, modeled after § 1983, affords parties asserting a deprivation of a constitutionally protected right the opportunity to bring a civil action pursuant to State statute. N.J. Stat. Ann. § 10:6-2(c); *see also Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (finding that the District of New Jersey has "repeatedly interpreted [the NJCRA] analogously to § 1983"). Like 42 U.S.C. § 1983, the plain language of the New Jersey Civil Rights Act imposes liability on any "person" who violates a plaintiff's civil rights under color of law. *Didiano v. Balicki*, 488 F. App'x 634, 635 (3d Cir. 2012).

Interpreting the comparable language of § 1983, the Supreme Court has held that the States, arms of the States, and state officials acting in their official capacities, are not "persons" within the meaning of the statute. *See Will*, 491 U.S. at 71; *see also Indep. Enters. Inc. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165 (3d Cir. 1997) (a political subdivision of the state is

not a "person" within the meaning of § 1983 if it is effectively an "arm of the State" for Eleventh Amendment purposes).

Similarly, state entities that are arms of the state are also not amenable to suit under the NJCRA because, only "a person acting under color of law," is a proper defendant under the NJCRA. N.J. Stat. Ann. § 10:6-2(c); *see also Didiano*, 488 F. App'x at 638-39 (holding that the New Jersey Department of Corrections, ("NJDOC"), is not a person under the NJCRA and thus cannot be sued under the NJCRA).

Here, Plaintiff's claims against State Defendants under the NJCRA should be dismissed with prejudice as State Defendants are also not "persons" amenable to suit under the NJCRA. Preliminarily, Defendant State of New Jersey is not a "person" amenable to suit under the NJCRA. Additionally, Defendant McAleer, as a state official sued in his official capacity, is not a "person" amenable to suit under the NJCRA. *See* N.J. Stat. Ann. § 10:6-2(c); *see also Didiano*, 488 F. App'x at 638-39. Thus, Plaintiff's Complaint should also be dismissed with prejudice as to State Defendants, as they are not "persons" amenable to suit under the NJCRA.

## POINT VI

**PLAINTIFF'S COMPLAINT SHOULD ALSO BE DISMISSED WITH PREJUDICE AS TO STATE DEFENDANTS, AS IT FAILS TO STATE A CLAIM FOR PROSPECTIVE INJUNCTIVE RELIEF OR DECLARATORY JUDGMENT.**

Apart from the above, Plaintiff's Complaint should also be dismissed with prejudice as to State Defendants as it fails to state a claim for declaratory or prospective injunctive relief. Plaintiff states in its Complaint that it is seeking declaratory and injunctive relief under 28 U.S.C. §§ 2201-2202 . (*See* ECF No. 1, ¶13, ¶15). Specifically, Plaintiff asks this court to (1) "[d]eclare the defendants' suppression of the plaintiff's press release unconstitutional," (2) "[c]ompel the defendants to restore and re-publish the press release," and (3) enter "judgment against the defendant for financial loss." (*See* ECF No. 1, ¶15).

However, the Eleventh Amendment bars claims against the State and its agencies for injunctive relief. *Cory v. White*, 457 U.S. 85, 91 (1982). Therefore, a claim for injunctive relief cannot be brought against the State of New Jersey.  Additionally, a claim for injunctive relief can only be brought against a public official in their official capacity if it seeks *prospective* injunctive relief. See generally Will, *Ex parte Young*, 209 U.S. 123 (1908) (emphasis added). Plaintiff's claim does not.

In *Ex parte Young*, the Supreme Court carved out a limited exception to Eleventh Amendment immunity by permitting citizens to

sue state officials when the litigation seeks prospective injunctive relief in order to end continuing violations of federal law. *Quern v. Jordan*, 440 U.S. 332, 337 (1979); *Balgowan v. New Jersey*, 115 F.3d 214, 217 (3d Cir. 1997). Plaintiffs requesting prospective injunctive relief "must allege a real and immediate threat of future injury." *Doe v. Div. of Youth & Family Servs.*, 148 F. Supp. 2d 462, 478 (D.N.J. 2001) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)).

Notably, "allegations of exposure to illegal conduct in the past alone, without a showing of continuing adverse effects, do not demonstrate a case or controversy entitling a plaintiff to prospective injunctive relief." *Id.* at 479. This Court has held that a plaintiff must be able to show that a real and imminent harm will occur; a mere possibility of future harm will not suffice. *ZF Meritor, LLC v. Eaton Corp.,* 696 F.3d 254, 300-01 (3d Cir. 2012), *cert. denied,* 133 S. Ct. 2025, 185 L. Ed. 2d 886 (2013).

To determine whether *Ex parte Young* applies, a court employs a two-part test: (1) does the complaint allege an ongoing violation of federal law, and (2) is the relief sought properly categorized as prospective? *Verizon Md., Inc. v. PSC,* 535 U.S. 635, 645 (2002); *see also Guardians Ass'n v. Civil Serv. Comm'n,* 463 U.S. 582, 584 (1983) (holding that relief in the form of money or otherwise based

on past violations of federal law is not properly categorized as prospective relief and must be withheld).

In the present case, Plaintiff's Complaint should also be dismissed with prejudice, as it fails to state a claim for prospective injunctive relief. First, Plaintiff's Complaint fails to contain any factual allegations to state a claim for a continuing violation of federal law. Rather, Plaintiff's claims against State Defendants are based on alleged past violations of Plaintiff's constitutional rights. (ECF No. 1, ¶¶7 - 8, ¶¶11 – 12). Specifically, Plaintiff alleges that Defendant McAleer "filed a complaint" with EIN Presswire and "ordered that [Plaintiff's press release] be redacted." *See Id.* at ¶¶7 – 8.

Additionally, Plaintiff's Complaint does not contain any factual allegations to show a real and imminent threat of future harm. *See* ECF No. 1, *generally; see also ZF Meritor, LLC*, 696 F.3d at 300-01. Rather, Plaintiff's Complaint contains only the conclusory allegation that "[t]he defendant's arbitrary action has undermined the plaintiff's credibility and severally damaged the plaintiff's fundraising ability."[9] (ECF No. 1, ¶10).

---

[9]  Also, the relief requested in Plaintiff's Complaint cannot properly be categorized as prospective, except Plaintiff's request that the court compel Co-Defendant IPD Group Inc. d/b/a EIN Presswire "to restore and re-publish the press release." (ECF No. 1, ¶15).

Furthermore, Plaintiff's Complaint should also be dismissed with prejudice as to State Defendants, as it fails to state a claim under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, ("DJA"). Under the DJA any court of the United States may declare the rights and other legal relations of any interested party. *See Reifer v. Westport Ins. Corp.,* 751 F.3d 129, 131 (3d Cir. 2014) (citing 28 U.S.C. § 2201).

The DJA does not create any new substantive right, but rather, creates procedure for adjudicating existing rights. *See Medtronic, Inc. v. Mirowski Family Ventures, LLC,* 134 S. Ct. 843, 844 (2014). A plaintiff wishing to obtain declaratory relief must ordinarily "demonstrate either continuing harm or a real and immediate threat of repeated injury in the future." *Brown v. Fauver*, 819 F.2d 395, 399-400 (3d Cir. 1987). Declaratory relief is not available to a plaintiff who merely alleges "past exposure to unconstitutional state action." *Id.*

In the present case, Plaintiff's Complaint should also be dismissed as with prejudice as it fails to contain any factual allegations to "demonstrate either continuing harm or a real and immediate threat of repeated injury in the future," and thus fails to state a claim for declaratory relief under 28 U.S.C. §§ 2201-2202. Thus, Plaintiffs' Complaint should also be dismissed with prejudice as to State Defendants, as it fails to state a claim for prospective injunctive relief or declaratory judgment.

36

## **CONCLUSION**

Based upon the foregoing reasons, it is respectfully requested that the court enter the enclosed Order denying Plaintiff's Motion for default judgment, granting State Defendants' Cross-Motion to vacate default pursuant to Fed. R. Civ. P. 55(c) and to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and dismissing Plaintiff's Complaint as to State Defendants *with prejudice*.

Respectfully submitted,

MATTHEW J. PLATKIN
ACTING ATTORNEY GENERAL OF NEW JERSEY

By:    /s/ Ashley L. Costello
Ashley L. Costello (107192015)
Deputy Attorney General

DATED: April 4, 2022