UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY CHINESE COMMUNITY CENTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> PETER MCALEER, et al., <br><br> Defendants. | Civil Action No. 21-8320 (GC) (RLS) <br><br><br> **ORDER ON MOTION TO AMEND AND CROSS-MOTION TO AMEND** |

SINGH, United States Magistrate Judge.

  PRESENTLY before the Court are: a Motion by Defendant Newsmatics, formerly known as IPD Group, Inc., ("Newsmatics") to amend its answer to Plaintiff New Jersey Chinese Community Center's ("Plaintiff") Amended Complaint to add an affirmative defense and two counterclaims against Plaintiff for indemnification and breach of Newsmatics' guidelines, terms of use, and user agreement; and a Cross-Motion by Plaintiff to further amend its complaint to assert a claim for breach of contract.  (Doc. Nos. 86, 88).  No party opposes the Motion or Cross-Motion. Having considered the parties' written submissions and deciding the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b), for the reasons set forth below, the Court **GRANTS** Defendant's Motion to Amend and Plaintiff's Cross-Motion to Amend.

  As the parties are familiar with the background and procedural history, the Court does not repeat it here.  Nevertheless, this action arises out of Newsmatics' retraction of an article submitted by Plaintiff relating to judges of the New Jersey Superior Court.  Following motion practice and

1

the filing of an amended complaint and responses thereto, on August 16, 2023, the Court set a November 17, 2023 deadline for seeking leave to amend any pleadings.  (*See* Doc. No. 80).

On November 17, 2023, Defendant filed the instant Motion to Amend its Answer to add an affirmative defense and Counterclaims.  (Doc. No. 86).  In response to that Motion, on December 3, 2023, Plaintiff filed what it styled as a Cross-Motion to further Amend its Amended Complaint, seeking to add a claim for breach of contract against Newsmatics.[1]  (Doc. No. 88-1).  Plaintiff argued that, despite failing to meet the November 17, 2023 deadline set by the Court for amended pleadings, its proposed amendment would not unduly prejudice Newsmatics.  (Doc. No. 88 at p. 6).  No party has opposed either the Motion or Cross-Motion.  Notably, on April 16, 2024, Newsmatics and Defendant Peter McAleer ("McAleer") filed their respective Motions for Summary Judgment, (Doc. Nos. 95, 96), which Plaintiff has opposed, (Doc. Nos. 98, 99).

If a party seeks to amend its pleading after the deadline set in the Court's scheduling order, the movant must satisfy the good cause standard pursuant to Rule 16 of the Federal Rules of Civil Procedure before the Court considers whether the movant meets the standards for amendment pursuant to Rule 15 of the Federal Rules of Civil Procedure.  *See Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010); *see also Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("[W]hen a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) . . . applies."); *Wang v. N.J. State Police*, Civ. No. 18-11933, 2021 WL 794535, at *3 (D.N.J. Mar. 1, 2021).  To establish good cause, the movant must show due diligence.  *Race Tires Am., Inc.*, 614 F.3d at 84.  Due diligence can be met if the "delay in filing the motion to amend stemmed from

---

[1] Plaintiff's cross-motion for leave to amend does not meet Local Civil Rule 15.1 because Plaintiff failed to attach a redlined version of its proposed pleading.  *See* L. Civ. R. 15.1.  Plaintiff, however, attached a proposed Amended Complaint.  (Doc. No. 88-1).

any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." *Young v. United States*, 152 F. Supp. 3d 337, 353 (D.N.J. 2015) (citation and internal quotation marks omitted). If a party "possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary" to seek leave to amend before the deadline lapsed, then courts will find that party lacked the necessary due diligence and will deny leave to amend. *Fermin v. Toyota Material Handling, U.S.A., Inc.*, Civ. No. 10-3755, 2012 WL 1393074, at *3 (D.N.J. Apr. 23, 2012). Indeed, Rule 16's good cause standard seeks to fix the pleadings at some point in the proceedings. *See United States ex rel. McDermott v. Life Source Servs., LLC*, Civ. No. 19-cv-15360, 2023 WL 2238550, at *2 (D.N.J. Feb. 27, 2023) (citing, *inter alia*, Fed. R. Civ. P. 16(b), Advisory Committee's Note on 1983 amendment).

Only once good cause is met does the Court evaluate the proposed pleading under Rule 15 of the Federal Rules of Civil Procedure. *Harbor Laundry Sales, Inc. v. Mayflower Textile Serv. Co.*, Civ. No. 09-6259, 2011 WL 6303258, at *3 (D.N.J. Dec. 16, 2011) (internal citation omitted); *accord Wang*, 2021 WL 794535, at *2. Under Federal Rule of Civil Procedure 15(a)(2), a court "should freely [grant] leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Rule aims to "ensure[] that an inadvertent error in, or omission from, an original pleading will not preclude a party from securing relief on the merits of his claim." *Korb v. Haystings*, 860 F. App'x 222, 226 n.5 (3d Cir. 2021) (citations omitted).

Nevertheless, the Court may, in its discretion, deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) amendment would be futile.

3

*See, e.g.*, *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, Civ. No. 15-5909, 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017).  Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court.  *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

Considering the procedural history of this matter, Rule 15's guidance that the Court shall freely grant leave to amend, and the fact that the Motion and Cross-Motions are unopposed, the Court GRANTS the Motions.  On this record, there is no basis on which the Court may find either party seeking to amend engaged in "bad faith, dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiencies by amendments previously allowed" or that the prproposed amendments would be futile.  *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993).  In addition, Plaintiff's Cross-Motion must meet Rule 16 of the Federal Rules of Civil Procedure because it was filed beyond the Court ordered deadline.  However, Plaintiff explains that its proposed amendment is in response to the proposed amendments sought by Newsmatics.  In the context of Plaintiff's Cross-Motion being unopposed, Plaintiff has sufficient pointed to a "factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order."  *Young*, 152 F. Supp. 3d at 353.

Accordingly, having considered the submissions of the parties, and for the reasons set forth above, and for good cause having been shown,

**IT IS**, **THEREFORE**, on this **4th** day of **June 2024** hereby

**ORDERED** that Newsmatics' Motion for Leave to Amend (Doc. No. 86) is **GRANTED**;

**ORDERED** that Plaintiff's Cross-Motion for Leave to Amend (Doc. No. 88) is **GRANTED**; and it is further

**ORDERED** that the parties shall electronically file their amended pleadings by no later than June 10, 2024; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motions pending at Docket Entry Nos. 86 and 88.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
_____
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**